IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TAM TRAN NGUYEN, | : | CIVIL ACTION NO. |
| BOP Reg # 26699-013, | : | 1:04-CV-1019-CC |
|    Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:96-CR-161-CC-JCF-2 |
| | : | |
| UNITED STATES OF AMERICA, | : | MOTION TO VACATE |
|    Respondent. | : | 28 U.S.C. § 2255 |

## ORDER

This matter is before the Court on the Final Report and Recommendation (the "R&R") [Doc. No. 1541] issued by Magistrate Judge J. Clay Fuller on September 4, 2014. In the R&R, Magistrate Judge Fuller recommends that Movant Tam Tran Nguyen's 28 U.S.C. § 2255 motion to vacate his sentence be denied. Movant has filed Objections to the R&R. (Doc. No. 1545). Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Court has conducted a de novo review of those portions of the R&R to which Movant objects, and has reviewed the remainder of the R&R for plain error. See United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983); see also United States v. Smith, 322 Fed. Appx. 876, 878 n.2 (11th Cir. 2009).

For the most part, Movant's objections consist of a review of the lengthy procedural history of this case, including a restatement of Movant's nine grounds for

§ 2255 relief (Doc. 1545 at 1-5), and general arguments about whether ineffective assistance of counsel is sufficient to excuse the procedural default of the substantive grounds for relief raised in his § 2255 motion (id. at 5-7, 9-11, 13-16).  Movant raises specific objections regarding only grounds 1 and 3-4.  (Id. at 8-9, 11-13).

With respect to the Magistrate Judge's recommended resolution of ground 1, Movant objects that "counsel fail[ed] to pursue the ambiguity in the jury instructions" and failed to object that "it is the jury who must unanimously agree on the predicates of the [RICO] offense." (Id. at 8).  The Magistrate Judge's thorough and well-reasoned discussion of Movant's ground 1 claim, however, reveals that the claim is without merit, and the Court agrees with the Magistrate Judge's analysis.  (See Doc. 1541 at 13-24).  Movant's objections as to ground 1 of the § 2255 motion are overruled.

With respect to the Magistrate Judge's recommended resolution of grounds 3-4, Movant objects that "[a] proper investigation would have terminated th[e Hobbs Act] count (as written)," but "counsel failed to pursue the government on the fact the[y] constructively amended the indictment." (Doc. 1545 at 12-13).  The Court finds no error in the Magistrate Judge's analysis of these grounds for relief (see Doc. 1541 at 32-35), and overrules Movant's objection in this regard as well.

The Court otherwise finds no error in the R&R;[1] **OVERRULES** Movant's Objections [Doc. No. 1545]; **ADOPTS** the Magistrate Judge's Final Report and Recommendation [Doc. No. 1541) as the Order of this Court; **DENIES** Movant's 28 U.S.C. § 2255 motion to vacate his sentence [Doc. No. 1225]; and **DENIES** Movant a certificate of appealability.

**SO ORDERED** this 24th day of November, 2014.

*s/ CLARENCE COOPER*
CLARENCE COOPER
UNITED STATES DISTRICT JUDGE

---

[1] The Court need not address the remainder of Movant's objections because they are general and conclusory in nature. See Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court."); see also Macort v. Prem, Inc., 208 Fed. Appx. 781, 784 (11th Cir. 2006) ("It is critical that the objection be sufficiently specific and not a general objection to the report.").

AO 72A
(Rev.8/82)